NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3094
_____

UNITED STATES OF AMERICA

v.

FELIX ROCHE,

Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-96-cr-00114-012)
District Judge: Honorable Robert B. Kugler

_____

Submitted Under Third Circuit LAR 34.1(a)
on June 6, 2023

Before: HARDIMAN, AMBRO, and FUENTES, <u>Circuit Judges</u>

(Opinion Filed: July 17, 2023)

_____

OPINION[*]

_____

AMBRO, <u>Circuit Judge</u>

---

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

Felix Roche appeals pro se from an order of the United States District for the District of New Jersey denying his motion for compassionate release brought under 18 U.S.C. § 3582(c)(1)(A). We affirm the District Court's order.

I

In 1996, a jury convicted Roche of RICO conspiracy, substantive RICO offenses for assisting in the murder of a police informant, and conspiracy to distribute heroin. He filed a motion for compassionate release on May 10, 2021, citing his progress toward rehabilitation, the threat of contracting COVID-19, and an argument based on the effect of intervening changes in law since the time he was sentenced in 1997, which included a challenge to the constitutionality of his conviction and sentence. He also asked the Court to consider that he was only 22 years old when he committed the crimes.

The District Court declined to consider Roche's arguments based on the asserted constitutional invalidity of his conviction and sentence as inappropriately brought in a motion for reduction in sentence. In addition, it also rejected Roche's claims related to his progress toward rehabilitation and risk of contracting COVID-19. It did not, however, discuss or even mention his age at the time of his offenses. Roche appeals from the denial of his motion, arguing the Court's failure to consider his age demonstrates abuse of discretion. He also contends it failed to construe properly his argument based on intervening changes in law.

We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's order for abuse of discretion. *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021). We will not disturb its determination unless it leaves us with "a definite and firm conviction

2

that [it] committed a clear error of judgment in the conclusion it reached." *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020) (quoting *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000)).

How do courts determine whether to grant a motion for compassionate release? First, the movant must present "extraordinary and compelling" reasons to reduce his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). If that step is satisfied, then the court must consider the factors set out in 18 U.S.C. § 3553(a). They include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "the need for the sentence imposed . . . to reflect the seriousness of the offense." 18 U.S.C. § 3553(a).

## II

Roche was 22 years old when he committed the crimes and when he was arrested. As noted, he asserts the District Court erred in ruling on his motion for reduction in sentence because it failed to discuss his age in its opinion. It is true that district courts are required to "consider all nonfrivolous arguments" presented by a movant when deciding a motion for compassionate release. *United States v. Shields*, 48 F.4th 183, 187 (3d Cir. 2022). That requirement, however, is tempered by the deference we must give to "the judge's . . . professional judgment," *Rita v. United States*, 551 U.S. 338, 356 (2007), in choosing how to explain his or her reasoning on discretionary sentencing matters, particularly "where 'a matter is . . . conceptually simple.'" *Chavez-Meza v. United States,* 138 S. Ct. 1959, 1964 (2018) (quoting *Rita,* 551 U.S. at 359).

With these considerations in mind, the District Court's decision not to discuss Roche's age was not an abuse of discretion. Courts are not statutorily required to consider a movant's age. *See* 18 U.S.C. § 3582(c)(1)(A)(i) (giving district courts discretion to determine which factors are extraordinary and compelling for purposes of granting compassionate release). And even when they choose to consider age, they do not give dispositive weight to it in this context. *See, e.g.*, *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021) (affirming a decision to grant compassionate release based on varying factors, age among them); *United States v. Ramsay*, 538 F. Supp. 3d 407, 410 (S.D.N.Y. 2021) (treating age as "highly" relevant, but only as one factor considered alongside others).

As for Roche's other arguments, the District Court considered and rejected each one. It explicitly found unpersuasive his assertions based on susceptibility to COVID-19, intervening changes in law, and progress toward rehabilitation. Even if preferable, we determine the Court did not need to go a step further by explaining that, after having rejected those arguments, Roche's age did not create an "extraordinary or compelling" reason for compassionate release. We therefore do not find it abused its discretion.

### III

Roche also contends the District Court misconstrued his argument based on intervening changes in law. We disagree. If the Sentencing Commission reduces the recommended sentence for an offense, courts can treat the change as an "extraordinary and compelling" reason to grant compassionate release. *See Concepcion v. United States*, 142 S. Ct. 2389, 2396 (2022) ("[A] district court . . . may consider . . . changes to the

4

Sentencing Guidelines . . . in adjudicating a [compassionate release] motion"). But Roche does not argue that happened here. His motion focused instead on how the trial court that sentenced him in 1997 used procedures to elevate his sentence that would violate the Sixth Amendment if used today.[1] Even granting that conclusion for the sake of argument, we agree with the District Court that it goes to the validity of Roche's sentence rather than a disparity in applicable Sentencing Guidelines. Roche's argument is thus foreclosed by our decision in *Andrews*, which held that "the imposition of a sentence that was not only permissible but statutorily required at the time is neither an extraordinary nor a compelling reason to now reduce the same sentence." *Andrews* 12 F.4th at 261 (quoting *Maumau*, 993 F.3d at 838 (Tymkovich, C.J., concurring)). Moreover, as the District Court pointed out, a motion under § 3582(c)(1) is not the proper means for Roche to challenge the constitutional validity of his sentence.[2]

---

[1] The trial judge who sentenced Roche determined he acted with premeditation and malice aforethought in increasing the length of his sentence. It did so in 1997, three years before the Supreme Court decided the Sixth Amendment requires juries to find facts that enhance a sentence beyond its statutory maximum. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Roche's point is that, while the judicial fact-finding used to elevate his sentence was permissible according to then prevailing law, it would be impermissible today because of the Court's decision in *Apprendi* and other subsequent cases strengthening Sixth Amendment protections against judicial fact-finding during sentencing. *See, e.g.*, *United States v. Booker*, 543 U.S. 220, 232-33 (2005) (holding the Sixth Amendment is "implicated whenever a judge seeks to impose a sentence that is not solely based on facts reflected in the jury verdict or admitted by the defendant" (quotations omitted)).

[2] Though Roche did not specifically address the § 3553(a) factors in his motion, the District Court explained its consideration of them as additional bases for denying his motion. It found the relevant factors weighed against granting the motion in light of the circumstances of his crimes, which included participating in the murder of a police informant and heroin trafficking, the need to protect the public, provide adequate deterrence, and for just punishment. No abuse of discretion occurred.

5

\*    \*    \*

We discern no abuse of discretion in the District Court's decision.  It stated its reasoning sufficiently and explained why it did not find Roche's arguments to amount to extraordinary or compelling grounds for compassionate release.  We thus affirm its order.